FILED
2010 Dec-21 AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BETTY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. :** |
| | ) | |
| **ARROW FINANCIAL SERVICES,** | ) | ______________________ |
| **LLC, and NORTHLAND GROUP,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

COMES NOW the defendants, Arrow Financial Services, LLC (hereinafter "Arrow") and Northland Group, Inc. (hereinafter "Northland"), and file this Notice of Removal of this case from the District Court of Jefferson County, Alabama, DV 2010-905954, wherein it is now pending, to the United States District Court for the Northern District of Alabama, Southern Division pursuant to 28 U.S.C. §§ 1331 and 1441 (a). In support of this removal, Arrow and Northland would show unto the Court as follows:

1. On or about November 22, 2010, the plaintiff, Betty Davis (hereinafter "Davis"), filed a Summons and Complaint in the District Court of Jefferson County, Alabama styled *Betty Davis v. Arrow Financial Services, LLC and Northland Group, Inc.*, DV 2010-905954. In her complaint, Davis seeks damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). Davis also seeks monetary damages for various state law causes of action. As alleged in the complaint the underlying claims result from the collection efforts of the defendants, Arrow and/or Northland, both whom Davis identifies as debt collectors for the purpose of the FDCPA as defined in 15 U.S.C. § 1692a(6). Further, Davis contends that Arrow

and Northland violated 15 U.S.C. § 1692e(2); 15 U.S.C. 1692f(1) and 15 U.S.C. 1692d of the FDCPA.

2. This action is one of which the United States District Courts are given original jurisdiction pursuant to 15 U.S.C. § 1692k(d) which states that:

> "an act to enforce any liability created by this title [FDCPA] may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other Court of competent jurisdiction, within one (1) year from the date on which the violation occurs".

3. Because the FDCPA grants original jurisdiction over the claims made by Davis to the United States District Court, then this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Thus, the state court action filed by Davis may be removed to this Court by Arrow and Northland in accordance with the provisions of 28 U.S.C. § 1441(a), as this action is a civil action pending within the jurisdiction of the United State District Court for the Northern District of Alabama, Southern Division.

4. A copy of this Notice of Removal is being served upon all counsel of record.

5. A true and correct copy of a Notice of Filing of this Notice of Removal is being filed with the Clerk of the District Court of Jefferson County, Alabama.

5. By filing this Notice of Removal, the defendants do not waive any defense that may be available to them.

6. A copy of all pleadings served upon the defendants are attached to the original Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, the defendants, Arrow Financial Services, LLC and Northland Group, Inc., files this Notice of Removal so as to effect the removal of this

action from said District Court of Jefferson County, Alabama, to this Court. The defendants pray this Honorable Court will make such other Orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said District Court.

This the 20th day of December, 2010.

Respectfully submitted,

Paul J. Spina, III (SPI007)

OF COUNSEL FOR DEFENDANTS
ARROW FINANCIAL SERVICES, LLC and
NORTHLAND GROUP, INC.

YEAROUT, SPINA & LAVELLE P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
Telephone: (205) 298-1800
Facsimile: (205) 298-1801
spina@ysllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon counsel listed below by placing same in the United States Mail, properly addressed and postage prepaid, and/or via ECF e-mail on this the 20th day of December, 2010.

Wesley L. Phillips, Esq.
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@wphillipslaw.com

OF COUNSEL

State of Alabama
Unified Judicial System

Form ARCiv-93 Rev.5/99

**COVER SHEET**
**DISTRICT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

Case Number:
01-DV-2010-
Date of Filing:
11/22/2010

ELECTRONICALLY FILED
11/22/2010 3:35 PM
DV-2010-905954.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

**IN THE DISTRICT OF JEFFERSON COUNTY, ALABAMA**
**BETTY DAVIS v. ARROW FINANCIAL SERVICES LLC ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:**

- ☐ CTEM-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ AUTO-Autodamages/Subrogation/Promissory Note
- ☐ DISP-Non-Account Dispute: Roomate/Neighbor/Animal
- ☐ EVIC-Eviction
- ☐ GDAM-General Damages
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ RECP-Recover Property
- ☑ DVXX-Miscellaneous District Civil Case
- ☐ TOXX - Other: ______________

**ORIGIN:** F ☑ **INITIAL FILING** O ☐ **OTHER** ______________

R ☐ **REMANDED**

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:** PHI053 11/22/2010 3:30:25 PM /s WESLEY L PHILLIPS

**MEDIATION REQUESTED:** ☐ **Yes** ☑ **No** ☐ **Undecided**

ELECTRONICALLY FILED
11/22/2010 3:35 PM
DV-2010-905954.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **BETTY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** ____________ |
| | ) | |
| **ARROW FINANCIAL SERVICES LLC and NORTHLAND GROUP, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**SUMMONS**

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:** **Arrow Financial Services LLC**
**c/o C T Corporation System**
**2 North Jackson St., Suite 605**
**Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to PHILLIPS LAW GROUP, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

______________________________
Clerk of Court

Dated: __________________

ELECTRONICALLY FILED
11/22/2010 3:35 PM
DV-2010-905954.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **BETTY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** ______________ |
| | ) | |
| **ARROW FINANCIAL SERVICES LLC and NORTHLAND GROUP, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:** **Northland Group, Inc.**
**c/o C T Corporation System**
**2 North Jackson St., Suite 605**
**Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to PHILLIPS LAW GROUP, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

______________________________
Clerk of Court

Dated: ____________________

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-DV-2010-905954.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**BETTY DAVIS v. ARROW FINANCIAL SERVICES LLC ET AL**

**NOTICE TO** ARROW FINANCIAL SERVICES LLC, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213

THE ANSWER MUST BE MAILED WITHIN 14 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of BETTY DAVIS pursuant to the Alabama Rules of the Civil Procedure

| 11/22/2010 3:35:44 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s WESLEY L PHILLIPS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________

____________ in ____________ County, Alabama on ____________

| ____________ | ____________ |
|---|---|
| Date | Server's Signature |

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-DV-2010-905954.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**BETTY DAVIS v. ARROW FINANCIAL SERVICES LLC ET AL**

**NOTICE TO** NORTHLAND GROUP, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213

THE ANSWER MUST BE MAILED WITHIN 14 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of BETTY DAVIS pursuant to the Alabama Rules of the Civil Procedure

11/22/2010 3:35:44 PM — Date
/s ANNE-MARIE ADAMS — Clerk/Register
________ By

☑ Certified mail is hereby requested

/s WESLEY L PHILLIPS — Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ________

________ in ________ County, Alabama on ________

________ Date

________ Server's Signature

ELECTRONICALLY FILED
11/22/2010 3:35 PM
DV-2010-905954.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **BETTY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** ____________ |
| | ) | |
| **ARROW FINANCIAL SERVICES LLC and NORTHLAND GROUP, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

**PARTIES**

1. Plaintiff Betty Davis is a resident of Perry County, Alabama, over 19 years of age, and is competent to bring this action.

2. Defendant Arrow Financial Services LLC (hereinafter "Arrow") is registered in Delaware with its principal place of business located in Niles, Illinois and was doing business in Jefferson County, Alabama at all times material to this Complaint. Arrow acted as a debt collector throughout the United States including Jefferson County, Alabama at all times material to this Complaint

3. Defendant Northland Group, Inc. (hereinafter "Northland") is a Minnesota corporation with its principal place of business located in Edina, Minnesota and was doing business in Jefferson County, Alabama at all times material to this Complaint. Northland acted as a debt collector throughout the United States including Jefferson County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

4. On February 26, 2010, Defendant Arrow filed a Complaint against Plaintiff over an alleged debt for which Plaintiff Answered with a complete denial of Arrow's claims and defended said lawsuit in the District Court of Jefferson County, Alabama. Defendant Arrow claimed the alleged debt originated with GE Money Bank. The matter was given case number 01-DV-10-571.

5. Following Plaintiff answering the Complaint of Defendant Arrow, the matter was set for trial, which said trial in the District Court of Jefferson County did occur on or about June 7, 2010.

6. Following the trial upon the merits of said case number 01-DV-10-571, a judgment was entered by The Honorable Jack Lowther, Jefferson County District Judge, for Ms. Davis and against Arrow Financial Services on June 7, 2010.

7. Arrow Financial Services did not appeal the ruling of Judge Lowther to the Jefferson County Circuit Court, and the time for Arrow to appeal the June 7, 2010 verdict has long passed rendering Judge Lowther's judgment on the merits a final judgment from which no appeal can be taken.

8. In or around August or September, 2010 Defendant Northland began contacting Plaintiff attempting to collect upon the same alleged debt with Defendant Arrow, which was previously adjudicated in the Jefferson County District Court she did not owe.

9. On or about September 7, 2010, Defendant Northland sent a letter on behalf of its client, Defendant Arrow, stating Plaintiff owed these Defendants for the same debt Plaintiff was adjudicated not to owe Defendant Arrow upon a trial on the merits in the Jefferson County District Court on June 7, 2010.

10. The September 7, 2010 letter to Plaintiff from Defendant Northland begins by stating, "Arrow Financial Services, the creditor on your account, has assigned the above referenced account to Northland Group, Inc. for collection."

11. Defendants Arrow and/or Northland have continued to attempt to collect a debt

it is not permitted by law to collect, including, by sending dunning letters to Plaintiff.

12. Defendant Arrow has failed and refused to instruct Defendant Nortland to cease collection of this alleged debt from Plaintiff. Defendant Northland, in attempting to collect the subject alleged debt from Plaintiff, was and is acting in the line and scope of its employment and/or agency with Defendant Arrow.

13. Defendant Arrow has failed and refused to maintain accurate records of its accounts and has acted wantonly and/or with reckless disregard in continuing to collect upon this alleged debt which is not legally collectible.

14. Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

15. Defendants Arrow and/or Northland is a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

16. Defendants Arrow and/or Northland engaged in "communications" with Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

17. Defendants Arrow and/or Northland engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

18. Defendants Arrow and/or Northland was attempting to collect this debt from Plaintiff when it knew or should have known said debt was not a debt owed by Plaintiff

19. Defendant Arrow told Defendant Northland to collect this debt from Plaintiff when it knew or should have known said debt was not a debt owed by Plaintiff.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 et seq.

20. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

21. Debt collectors are prohibited by 15 U.S.C. §1692e(2) from making false

representations of the character, amount, or legal status of any debt.

22. Defendant Northland's dunning letter dated March 16, 2010 falsely represented Plaintiff had an outstanding debt with Defendant Arrow, owed a debt to Defendant Arrow, and that the debt was legally collectable when the lawsuit involving the debt had been previously adjudicated and a judgment was rendered and entered that said debt was not owed by Plaintiff to Defendants Northland and/or Arrow thereby violating 15 U.S.C. §1692e(2).

23. Defendants Arrow and/or Northland also violated 15 U.S.C. §1692f(1) by attempting to collecting on amounts not permitted by law to be collected since the debt upon which these Defendants were attempting to collect had been previously adjudicated Plaintiff did not owe Defendant Arrow.

24 Defendants Arrow and/or Northlands' statements that Plaintiff owed these Defendants amounts on a previously adjudicated debt as well as their continued attempts to collect upon an alleged debt of Plaintiff following the adjudication that Plaintiff did not owe Defendant Arrow this debt is conduct the natural consequence of which was intended to abuse, oppress and harass Plaintiff into paying a debt she does not owe in violation of 15 U.S.C. §1692d.

25. All actions taken by Defendants Arrow and/or Northland were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

26. Defendants Arrow and/or Northland s' violations of the FDCPA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including, but not limited to, mental anguish, humiliation, financial injury, and ridicule.

WHEREFORE, Plaintiff demands judgment against Defendants Arrow and/or Northland for statutory, actual, compensatory and/or punitive damages in the amount of $10,000 plus attorneys'

fees either as to this Count alone or together with all other counts in this Complaint so as to not exceed the jurisdictional maximum of this Court, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

27. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

28. Defendants Northland and Arrow owed a duty to Plaintiff not to attempt to collect on debt that is not a valid debt.

29. Defendants Northland and Arrow had a duty under Alabama law to act reasonably under the circumstances.

30. Defendants Northland and Arrow violated this duty under Alabama law by failing to cease attempting to collect on an alleged debt for which Plaintiff was not legally obligated to pay.

31. Defendant Arrow had a duty to not hire or to cease its employment of Northland for the collection of Plaintiff's account, particularly following the adjudication Plaintiff did not owe the alleged debt in Jefferson County District Court.

32. Defendants Northland and Arrow violated their respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties each Defendant had.

33. Plaintiff has been damaged as a proximate result of these Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, mental anguish, humiliation, financial injury, and ridicule.

WHEREFORE, Plaintiff demands judgment against Defendants Northland and Arrow, jointly and severally, for actual, compensatory and/or punitive damages in the amount of $10,000 either as to this Count alone or together with all other counts in this Complaint so as to not exceed the jurisdictional maximum of this Court, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

34. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

35. Defendants Northland and Arrow negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees and/or agents who were allowed or encouraged to violate the law as was done to Plaintiff and complained of in this Complaint, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

36. Defendants Northland and Arrow were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

37. The employees, representatives, and/or agents of Defendants Northland and Arrow while acting in furtherance of each one's employment, representation, and/or agency and in the line and scope of each one's respective employment, representation, and/or agency were incompetent to perform his/her duties and these Defendants did know, or should have known, of such incompetence.

38. The negligent or wanton conduct of those employees, representatives, and/or agents of Defendants Northland and Arrow while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants Northland and Arrow, jointly and severally, for actual, compensatory and/or punitive damages in the amount of $10,000 either as to this Count alone or together with all other counts in this Complaint so as to not exceed the jurisdictional maximum of this Court, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@wphillipslaw.com

Plaintiff's Address:
4521 Nauvoo Road
Nauvoo, Alabama 35578

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

Arrow Financial Services LLC
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

Northland Group, Inc.
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
11/23/2010 3:58 PM
DV-2010-905954.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **BETTY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: DV-10-905954** |
| | ) | |
| **ARROW FINANCIAL SERVICES LLC and NORTHLAND GROUP, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**AMENDED COMPLAINT**

COMES NOW Plaintiff Betty Davis, by and through counsel, in the above styled cause, and amends and re-states her Complaint as follows:

(1) correcting Plaintiff's county of residence to Jefferson County

by amending and restating the Complaint to read as follows

**PARTIES**

1. Plaintiff Betty Davis is a resident of Jefferson County, Alabama, over 19 years of age, and is competent to bring this action.

2. Defendant Arrow Financial Services LLC (hereinafter "Arrow") is registered in Delaware with its principal place of business located in Niles, Illinois and was doing business in Jefferson County, Alabama at all times material to this Complaint. Arrow acted as a debt collector throughout the United States including Jefferson County, Alabama at all times material to this Complaint

3. Defendant Northland Group, Inc. (hereinafter "Northland") is a Minnesota corporation with its principal place of business located in Edina, Minnesota and was doing business in Jefferson County, Alabama at all times material to this Complaint. Northland acted as a debt

collector throughout the United States including Jefferson County, Alabama at all times material to this Complaint.

**FACTUAL ALLEGATIONS**

4. On February 26, 2010, Defendant Arrow filed a Complaint against Plaintiff over an alleged debt for which Plaintiff Answered with a complete denial of Arrow's claims and defended said lawsuit in the District Court of Jefferson County, Alabama. Defendant Arrow claimed the alleged debt originated with GE Money Bank. The matter was given case number 01-DV-10-571.

5. Following Plaintiff answering the Complaint of Defendant Arrow, the matter was set for trial, which said trial in the District Court of Jefferson County did occur on or about June 7, 2010.

6. Following the trial upon the merits of said case number 01-DV-10-571, a judgment was entered by The Honorable Jack Lowther, Jefferson County District Judge, for Ms. Davis and against Arrow Financial Services on June 7, 2010.

7. Arrow Financial Services did not appeal the ruling of Judge Lowther to the Jefferson County Circuit Court, and the time for Arrow to appeal the June 7, 2010 verdict has long passed rendering Judge Lowther's judgment on the merits a final judgment from which no appeal can be taken.

8. In or around August or September, 2010 Defendant Northland began contacting Plaintiff attempting to collect upon the same alleged debt with Defendant Arrow, which was previously adjudicated in the Jefferson County District Court she did not owe.

9. On or about September 7, 2010, Defendant Northland sent a letter on behalf of its client, Defendant Arrow, stating Plaintiff owed these Defendants for the same debt Plaintiff was adjudicated not to owe Defendant Arrow upon a trial on the merits in the Jefferson County District Court on June 7, 2010.

10. The September 7, 2010 letter to Plaintiff from Defendant Northland begins by

stating, "Arrow Financial Services, the creditor on your account, has assigned the above referenced account to Northland Group, Inc. for collection."

11. Defendants Arrow and/or Northland have continued to attempt to collect a debt it is not permitted by law to collect, including, by sending dunning letters to Plaintiff.

12. Defendant Arrow has failed and refused to instruct Defendant Nortland to cease collection of this alleged debt from Plaintiff. Defendant Northland, in attempting to collect the subject alleged debt from Plaintiff, was and is acting in the line and scope of its employment and/or agency with Defendant Arrow.

13. Defendant Arrow has failed and refused to maintain accurate records of its accounts and has acted wantonly and/or with reckless disregard in continuing to collect upon this alleged debt which is not legally collectible.

14. Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

15. Defendants Arrow and/or Northland is a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

16. Defendants Arrow and/or Northland engaged in "communications" with Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

17. Defendants Arrow and/or Northland engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

18. Defendants Arrow and/or Northland was attempting to collect this debt from Plaintiff when it knew or should have known said debt was not a debt owed by Plaintiff

19. Defendant Arrow told Defendant Northland to collect this debt from Plaintiff when it knew or should have known said debt was not a debt owed by Plaintiff.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 et seq.

20. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

21. Debt collectors are prohibited by 15 U.S.C. §1692e(2) from making false representations of the character, amount, or legal status of any debt.

22. Defendant Northland's dunning letter dated March 16, 2010 falsely represented Plaintiff had an outstanding debt with Defendant Arrow, owed a debt to Defendant Arrow, and that the debt was legally collectable when the lawsuit involving the debt had been previously adjudicated and a judgment was rendered and entered that said debt was not owed by Plaintiff to Defendants Northland and/or Arrow thereby violating 15 U.S.C. §1692e(2).

23. Defendants Arrow and/or Northland also violated 15 U.S.C. §1692f(1) by attempting to collecting on amounts not permitted by law to be collected since the debt upon which these Defendants were attempting to collect had been previously adjudicated Plaintiff did not owe Defendant Arrow.

24 Defendants Arrow and/or Northlands' statements that Plaintiff owed these Defendants amounts on a previously adjudicated debt as well as their continued attempts to collect upon an alleged debt of Plaintiff following the adjudication that Plaintiff did not owe Defendant Arrow this debt is conduct the natural consequence of which was intended to abuse, oppress and harass Plaintiff into paying a debt she does not owe in violation of 15 U.S.C. §1692d.

25. All actions taken by Defendants Arrow and/or Northland were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

26. Defendants Arrow and/or Northland s' violations of the FDCPA proximately caused

the injuries and damages to Plaintiff as set forth in this Complaint, including, but not limited to, mental anguish, humiliation, financial injury, and ridicule.

WHEREFORE, Plaintiff demands judgment against Defendants Arrow and/or Northland for statutory, actual, compensatory and/or punitive damages in the amount of $10,000 plus attorneys' fees either as to this Count alone or together with all other counts in this Complaint so as to not exceed the jurisdictional maximum of this Court, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

27. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

28. Defendants Northland and Arrow owed a duty to Plaintiff not to attempt to collect on debt that is not a valid debt.

29. Defendants Northland and Arrow had a duty under Alabama law to act reasonably under the circumstances.

30. Defendants Northland and Arrow violated this duty under Alabama law by failing to cease attempting to collect on an alleged debt for which Plaintiff was not legally obligated to pay.

31. Defendant Arrow had a duty to not hire or to cease its employment of Northland for the collection of Plaintiff's account, particularly following the adjudication Plaintiff did not owe the alleged debt in Jefferson County District Court.

32. Defendants Northland and Arrow violated their respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties each Defendant had.

33. Plaintiff has been damaged as a proximate result of these Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, mental anguish, humiliation, financial injury, and ridicule.

WHEREFORE, Plaintiff demands judgment against Defendants Northland and Arrow, jointly and severally, for actual, compensatory and/or punitive damages in the amount of $10,000 either as to this Count alone or together with all other counts in this Complaint so as to not exceed the jurisdictional maximum of this Court, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

34. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

35. Defendants Northland and Arrow negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees and/or agents who were allowed or encouraged to violate the law as was done to Plaintiff and complained of in this Complaint, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

36. Defendants Northland and Arrow were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

37. The employees, representatives, and/or agents of Defendants Northland and Arrow while acting in furtherance of each one's employment, representation, and/or agency and in the line and scope of each one's respective employment, representation, and/or agency were incompetent to perform his/her duties and these Defendants did know, or should have known, of such incompetence.

38. The negligent or wanton conduct of those employees, representatives, and/or agents

of Defendants Northland and Arrow while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants Northland and Arrow, jointly and severally, for actual, compensatory and/or punitive damages in the amount of $10,000 either as to this Count alone or together with all other counts in this Complaint so as to not exceed the jurisdictional maximum of this Court, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@wphillipslaw.com

Plaintiff's Address:
4521 Nauvoo Road
Nauvoo, Alabama 35578

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

Arrow Financial Services LLC
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

Northland Group, Inc.

c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **BETTY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. :** |
| | ) | **DV 2010-905954** |
| **ARROW FINANCIAL SERVICES, LLC** | ) | |
| **and NORTHLAND GROUP, INC.,** | ) | |
| **Defendant.** | ) | |

**NOTICE OF FILING OF THE NOTICE OF REMOVAL UNDER 28 U.S.C. SECTION 1446, AS AMENDED**

Please take notice that a Notice of Removal has been filed with the Clerk of the United States District Court for Northern District of Alabama, Southern Division constituting a removal of this case from the District Court of Jefferson County, Alabama, to the United States District Court. This notice is submitted in compliance with Title 28, U.S.C., Section 1446, as amended.

Respectfully submitted,

Paul J. Spina, III (SPI007)

OF COUNSEL FOR DEFENDANTS
ARROW FINANCIAL SERVICES, LLC and
NORTHLAND GROUP, INC.

YEAROUT, SPINA & LAVELLE P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
Telephone: (205) 298-1800
Facsimile: (205) 298-1801
spina@ysllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon counsel listed below by placing same in the United States Mail, properly addressed and postage prepaid, and/or via ECF e-mail on this the ___ day of December, 2010.

Wesley L. Phillips, Esq.
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@wphillipslaw.com

OF COUNSEL